UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 21-1978** |
| **AMERICAN SCREENING, LLC** | * | **SECTION "L" (1)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss or Transfer, R. Doc. 7. Plaintiff filed an opposition, R. Doc. 16, to which Defendant filed a reply, R. Doc. 19. Having considered the briefing and the applicable law, the Court now rules as follows.

**I.   BACKGROUND**

This case involves alleged employment discrimination based on race. The United States Equal Employment Opportunity Commission ("EEOC") filed its Complaint on October 27, 2021, alleging that Defendant American Screening, LLC ("American Screening" or "Defendant") terminated the employment of Imani Jackson ("Ms. Jackson") because of her race. R. Doc. 1 at 1. Defendant is a distributor of drug and medical testing supplies based in Shreveport, Louisiana. The EEOC alleges that Defendant engaged in unlawful employment practices in its treatment of Ms. Jackson, who is African American, beginning in August 2018 when Ms. Jackson began working for Defendant after being referred by a staffing services provider. *Id.* at 3-4. Specifically, the EEOC alleges that Defendant terminated Ms. Jackson from her sales position because Defendant considered the appearance of Ms. Jackson's natural hair unprofessional, which the EEOC argues was racial discrimination. *Id.* at 5-6.

The EEOC brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. *Id.* at 1. The EEOC avers that all necessary administrative

1

procedures, including an attempt to resolve the matter through informal conciliation, were exhausted before it filed suit. *Id.* at 2-3. The EEOC seeks a permanent injunction enjoining Defendant from discriminating against applicants and employees based on race; an order requiring Defendant to implement practices to provide equal employment opportunities to African Americans and eradicate the effects of its past unlawful practices; an order requiring Defendant to make Ms. Jackson whole by providing back pay and other affirmative relief, including reinstatement, along with compensation for Ms. Jackson's past and future pecuniary losses; other injunctive relief; punitive damages; and costs. *Id.* at 7-8. The EEOC requests a jury trial on all questions of fact. *Id.* at 9.

## II.     PRESENT MOTION

In lieu of an Answer, Defendant filed a Motion to Dismiss for Improper Venue. R. Doc. 7. Defendant argues that venue in the Eastern District of Louisiana ("Eastern District") is improper because Defendant cannot be "found" in this district within the meaning of 42 U.S.C. § 2000e-5(f)(3), the special venue statute that applies in Title VII cases. *Id.* at 1. Alternatively, Defendant requests that the Court transfer this case to the Western District of Louisiana ("Western District"), which Defendant avers is the district in which the alleged employment practices took place, where Defendant has its only office (in Shreveport), where many of the witnesses live, and where Defendant keeps all the relevant employment records. *Id.* at 1-2. Defendant also seeks a change of venue to the Western District for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). *Id.* at 2.

The EEOC opposes the motion, arguing that venue is proper in the Eastern District and that Defendant has not met its burden of showing that venue is more convenient in the Western District. R. Doc. 16 at 1. The EEOC asserts that the special venue statute allows a plaintiff to

bring an employment discrimination action in any district within the state in which the alleged discrimination occurred, making the Eastern District a proper venue because the alleged discrimination occurred in Louisiana. *Id.* at 6-7. The EEOC also argues that trial would be at least as convenient in New Orleans as in Shreveport based on the location of key witnesses and documents and the availability of technology. *Id.* at 28-30.

### III. APPLICABLE LAW

#### a. *Venue Under Rule 12(b)(3) and 42 U.S.C. § 2000e-5(f)(3)*

The Federal Rules of Civil Procedure allow a party to file a motion to dismiss for improper venue. FED. R. CIV. P. 12(b)(3). When faced with such a motion, "the plaintiff has the burden of proving that the chosen venue was proper." *Broussard v. First Tower Loan, LLC*, 135 F. Supp. 3d 540, 544 (E.D. La. 2015). However, "a court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Centurum Info. Tech. Inc. v. Geocent, LLC*, No. CV 21-0082, 2021 WL 533707, at *3 (E.D. La. Feb. 12, 2021).

In Title VII cases, a special venue statute sets out the criteria for proper venue. *In re Horseshoe Ent.*, 337 F.3d 429, 432-33 (5th Cir. 2003). The venue statute provides that

> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Courts have generally interpreted statutes referring to whether a defendant is "found" in a district to mean that the defendant is subject to personal jurisdiction there. *See, e.g., Huffman v. Activision Publ'g, Inc.*, No. 2:19-CV-00050-RWS-RSP, 2020 WL

3

8269309, at *4 (E.D. Tex. Feb. 25, 2020); *Stuart v. Fire-Dex, LLC*, No. CIV.A. H-13-675, 2013 WL 5852234, at *3 (S.D. Tex. Oct. 30, 2013).

If a court determines that a case was brought in an improper venue venue, it may either dismiss the case or transfer it to a proper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### b. Transfer Under 28 U.S.C. §§ 1404(a)

By statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A defendant seeking transfer to another district based on convenience must show good cause, meaning the defendant must "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)). In other words, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.*

In determining whether a defendant has shown good cause for a transfer because another district would be clearly more convenient, courts consider the factors originally set out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). These include four private-interest factors and four public-interest factors. *Volkswagen*, 545 F.3d at 315 (citing *Gilbert*, 330 U.S. 501). The private-

interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public-interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* These factors are "not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id.*

IV.  DISCUSSION

   a. *Venue Under Rule 12(b)(3) and 42 U.S.C. § 2000e-5(f)(3)*

The Court finds that venue in the Eastern District is proper. Under the special venue statute for Title VII claims, venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). The parties do not dispute that the alleged unlawful employment practices occurred in Louisiana. Therefore, venue is proper in any district within Louisiana, including the Eastern District.

Further, the Court finds that the provision stating "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office" does not apply in this case. *Id.* Whether a defendant is "found" within a district typically depends on whether the defendant is subject to personal jurisdiction there. *See, e.g., Huffman*, 2020 WL 8269309, at *4; *Stuart*, 2013 WL 5852234, at *3. Here, Defendant is subject to personal jurisdiction in the Eastern District. Under the Federal Rules of Civil Procedure, "filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state

5

where the district court is located." FED. R. CIV. P. 4(k)(1). In this case, Defendant is subject to the jurisdiction of a court of general jurisdiction in Louisiana because it is undisputed that Defendant should be considered a Louisiana resident. Further, Defendant filed a waiver of service. Thus, defendant was "found" in the Eastern District.

      b.  *Transfer Under 28 U.S.C. §§ 1404(a)*

Though venue in the Eastern District is proper, the Court finds that transfer is necessary because the Western District would be a "clearly more convenient" venue. *Volkswagen*, 545 F.3d at 315. Though it is a close call, the *Gilbert* factors indicate that the Western District would be more convenient than the Eastern District. The four private-interest factors favor the Western District. First, "the relative ease of access to sources of proof" slightly favors the Western District because relevant documents are likely located in Shreveport, even if only a small portion of those documents are physical and not electronically stored. Second, "the availability of compulsory process to secure the attendance of witnesses" also favors the Western District. It is true that Defendant has not identified specific witnesses who would have to be commanded to attend trial, and that many of the potential witnesses would likely be employees of Defendant and thus subject to compulsory process anywhere in Louisiana. *See Broussard*, 135 F. Supp. 3d at 547 ("a corporate party's employees can be compelled to testify at a trial . . . anywhere in the state."). However, for any witnesses to whom this may not apply and who live near Shreveport, the expense of participating in a trial in New Orleans may be substantial, which precludes the use of a subpoena to compel their testimony. *See* FED. R. CIV. P. 45(c)(1) ("[a] subpoena may command a person to attend a trial . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or a party's officer; or . . . would not incur substantial expense."). The drive from Shreveport to New Orleans is over five hours

6

and gas is expensive, as are airline tickets. While it may be possible for witnesses to testify by videoconference technology, there are benefits to in-person testimony, including the ability to consider a witness's body language and demeanor on the stand. Thus, even though some witnesses may be subject to compulsory process in the Eastern District merely because they live or work in Louisiana, the parties should be able to have those witnesses testify in person without incurring substantial travel expenses. This consideration favors venue in the Western District, which would not require these witnesses to travel as far.

Third, "the cost of attendance for willing witnesses" also favors the Western District. A significant portion of the witnesses likely live in the Shreveport area, where the alleged discrimination took place and Defendant's business is based. As noted above, travel from Shreveport to New Orleans would be expensive, and virtual testimony is not always effective. Thus, this factor favors the Western District. Fourth, the factor encompassing "all other practical problems that make trial of a case easy, expeditious and inexpensive" also favors the Western District. Considering that a number of witnesses likely live near Shreveport, holding the trial in Shreveport would promote efficiency by allowing flexibility in the order of those witnesses' testimony and by preventing delays due to technical difficulties that might accompany virtual testimony in a trial elsewhere. Thus, the four private-interest factors all favor the Western District.

The four public-interest factors also favor the Western District, though only slightly. The first public-interest factor, "the administrative difficulties flowing from court congestion," is an outlier in that it favors the Eastern District. As Plaintiff points out, the median length of time between the filing of a case and the beginning of trial is shorter in the Eastern District than in the Western District. R. Doc. 16-19. Thus, the case may reach trial more quickly in the Eastern

7

District. However, the second factor, "the local interest in having localized interests decided at home," strongly favors the Western District. It is undisputed that the alleged discrimination occurred in the Shreveport area and involved people who lived there at the time and a business that still operates there. Therefore, there is a local interest in having this matter heard in Shreveport. Third, "the familiarity of the forum with the law that will govern the case" is neutral. *Id.* The parties agree that the Eastern District and the Western District are equally familiar with civil rights cases. The fourth factor, "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law," is also neutral; the parties agree that this factor is irrelevant. *Id.* Thus, the public-interest factors slightly favor the Western District due to the importance of the local interest.

The Court notes that the question of convenience is a close call because technology, including electronic storage of documents and videoconferencing for witness testimony, has made geography less relevant than it once was regarding the convenience of a venue. It would certainly be possible to try this case in the Eastern District, especially using such technology. However, as noted above, there remain certain benefits to in-person testimony, which, for many of the likely witnesses here, would be more convenient and less expensive in the Western District. Moreover, if § 1404(a) did not apply in this case—where the alleged discrimination occurred in the Western District, many of the likely witnesses reside there, relevant documents are stored there, and the Defendant's only place of business is located there—it would be difficult to imagine a case where it would apply. Though an argument can be made that § 1404(a) is anachronistic and no longer applicable in the electronic age, it has not been repealed and remains enforceable. Thus, the Court must find that it applies in this case.

V.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Improper Venue, R. Doc. 7, is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss is denied, but the alternative Motion to Transfer is granted.

**IT IS FURTHER ORDERED** that this matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this 14th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE